## (November 10, 1978)

■ In the Matter of SHARON CALDWELL, Appellant, v PHILIP L. TOIA, as Commissioner of the New York State Department of Social Services, et al., Respondents.—Judgment unanimously modified and, as modified, affirmed, without costs, in accordance with the following memorandum: In this CPLR article 78 proceeding appellant appeals from a judgment reversing a determination of the Commissioner of the New York State Department of Social Services which held after a fair hearing that she was not entitled to receive a "Support Incentive Bonus". The court below held that appellant was entitled to the bonus from the date she requested it, February 1, 1976. The "Support Incentive Bonus Program" was established by Federal statute (US Code, tit 42, § 651 *et seq.),* and is made applicable to New York State welfare recipients by section 111-a *et seq.* of the Social Services Law. These statutes provide that as a condition of eligibility for aid, each recipient must assign to the State "any rights to support" that the recipient may have (US Code, tit 42, § 602, subd [a], par [26], cl [A]). Once the support right is assigned, it constitutes an obligation owed to the State by the individual responsible for providing the support (US Code, tit 42, § 655), and 40% of the first $50 received by the State each month is to be distributed to the recipient "without any decrease in the amount paid as assistance" for that

month (US Code, tit 42, § 657). (This method of computing the bonus applied only during the first 15 months of the program [US Code, tit 42, § 657, subd (a)].) The bonus program was to commence on July 1, 1975. Appellant, a recipient of public assistance in the Aid to Dependent Children category, signed a "Notification of Change Beneficiary" on March 22, 1973, which authorized and directed the Chautauqua County Probation Department "to pay over to the Chautauqua County Social Services Department all support money it receives for [her] benefit or for the benefit of any child or children for whom [she] was responsible, pursuant to any support order entered in Family Court or Supreme Court". The local agency has been receiving support payments under this assignment since that time. In February, 1976 appellant learned of the bonus program from a source outside the Department of Social Services and requested that the local agency pay the bonus to her. She was informed by her case worker that she could apply for the bonus when she was recertified for public assistance in March. When appellant was recertified, she was told that it would be necessary to make an appointment at a future date. She finally obtained an appointment on May 5, 1976 at which time she was informed that she must sign an "Assignment of Rights To Support" form to receive the bonus. Appellant signed the form and was then advised that her participation in the program was effective only from the date on the form. The 1973 instrument is not as comprehensive an assignment as required by Federal statute (US Code, tit 42, § 602, subd [a], par [26], cl [A]). Practically speaking, however, appellant's 1973 assignment functions similarly if not identically to the "Assignment of Rights To Support", which does comply with Federal directives. Under both assignments the same local agency receives support payments for appellant's minor children. The legislative purposes of the bonus program are not offended by granting appellant relief. The program was designed to encourage welfare recipients to obtain support orders from absent parents and to facilitate the effective enforcement of support orders. Since the absent parent has been consistently making support payments to the local agency, the underlying policy considerations of the act are being served. In view of the practical similarity between the two assignments, the legislative purposes of the bonus program and the overwhelming equities weighing in favor of the appellant, we modify the Supreme Court order and direct that Chautauqua County Department of Social Services pay appellant the bonus that she should have received from July 1, 1975 to May 1, 1976 plus interest. (Appeal from judgment of Chautauqua Supreme Court—art 78.) Present—Marsh, P. J., Simons, Hancock, Jr., Schnepp and Witmer, JJ.